### PEHLERT v. WESTERN UNION TELEGRAPH CO.

No. 5084.

District Court, E. D. Pennsylvania.
Nov. 27, 1945.

Maurice Abrams, of Philadelphia, Pa., for plaintiff.

Howard Burtt, of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

This plaintiff has brought an action for damages based upon alleged violation by the defendant of Section 222, subsection (f) (1) of the Communications Act of 1934, 47 U.S.C.A. § 222(f) (1). That section provides in substance that every employee of the merging carriers shall not, within a period of four years from the merger, have his compensation reduced or be assigned to work inconsistent with his training and experience.

This motion is to dismiss for want of jurisdiction.

Section 222, subsection (f) (10) of the Communications Act of 1934 provides as follows: "For purposes of enforcement or protection of rights, privileges, and immunities granted or guaranteed under this subsection, the employees of any such consolidated or merged carrier shall be entitled to the same remedies as are provided by sections 151–166 of Title 29 in the case of employees covered by said sections; and the National Labor Relations Board and the courts of the United States (including the courts of the District of Columbia) shall have jurisdiction and power to enforce and protect such rights, privileges, and immunities in the same manner as in the case of enforcement of the provisions of sections 151–166 of Title 29."

■■■ This section conferred no jurisdiction upon the District Court beyond that which it already had under the National Labor Relations Act, 29 U.S.C.A. § 151 et seq., namely to review and enforce a final order of the Board in cases in which the Circuit Court of Appeals are in vacation. The first clause of the subsection provides that the aggrieved employee should be entitled to the same remedies as are given to employees under the National Labor Relations Act, and as to them, application to the Board is the primary and exclusive remedy. "The same" ordinarily means no less, no more.

■■■ If the first clause of the subsection stood alone, there might be some room for the complainant's argument that the Communications Act creates a master contract between employer and employee, the rights under which are enforceable as in any other contract, and in the same courts. But the last part of subsection (f) (10) deals specifically with the part which courts of the United States shall have in the enforcement of employees' rights conferred by subsection (f) and provides that "the courts of the United States * * * shall have jurisdiction * * * in the same manner as in the case of enforcement of the provisions of" the National Labor Relations Act. I think the intent is clear to place an employee of one of the companies merged under the Communications Act of 1934 in exactly the same position, so far as his remedies are concerned, as an employee complaining of unfair labor practices under the National Labor Relations Act. If this is so, the District Court has no original jurisdiction of this complaint.

The motion to dismiss will be granted.